UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. CARRILLO MONZON, A-221-489-543<br>Petitioner,<br>v.<br>TAE D. JOHNSON, et. al.,<br>Respondents. | No. 1:26-cv-02708-TLN-DMC-HC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2. Pending before the Court is Respondents' motion to dismiss. See ECF No. 12.

According to Petitioner, he entered the United States without inspection and has lived here for approximately 26 years and has no criminal history. See ECF No. 1, pg. 1. Petitioner asserts he was denied due process when he was detained on January 19, 2026, without notice or a pre-deprivation bond hearing. See id. at 2. The Court granted Petitioner's motion for temporary restraining order, finding that Petitioner established a likelihood of success on the merits of his due process claim. See ECF No. 5. The Court ordered:

> To return Petitioner to the status quo ante litem, Respondents are ORDERED to IMMEDIATELY RELEASE Petitioner [A# 221-489-543] under the same conditions he was released prior to his current detention. At the time of release,

> Respondents must return all of Petitioner's documents and possessions. Respondents shall file a notice of compliance with the Court's order to immediately release Petitioner by April 13, 2026. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing.
>
> Id.

The matter was referred to the undersigned for further proceedings. The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 5, and under Ninth Circuit authority, Petitioner is subject to discretionary detention pursuant to § 1226(a). See Vazquez v. Bostock, No. 25-6842, 2026 LX 482469, at *12, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). The undersigned further finds that Petitioner is entitled to a pre-deprivation bond hearing, and absent such process, Petitioner's detention violated the INA. See Carias v. Wofford, No. 1:26-cv-3273-DC-DMC-HC, 2026 LX 279794, WL 1493109 (E.D. Cal. May 28, 2026), report and recommendation adopted sub nom. Carias v. Wofford, No. 1:26-CV-3273-DC-DMC (HC), 2026 WL 1715369 (E.D. Cal. June 12, 2026). Therefore, the undersigned will recommend the motion to dismiss be denied and the petition be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned RECOMMENDS that the motion to dismiss, ECF No. 12, be denied, and the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 25, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE