UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARLOS A.C.M.,[1]

Petitioner,

v.

TAE D. JOHNSON, et. al.,

Respondents.

No. 1:26-cv-02708-TLN-DMC

A# 221-489-543

**ORDER**

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 25, 2026, the magistrate judge filed findings and recommendations herein which were served on the parties, and which contained notice that the parties may file objections within seven days. (ECF No. 16.) Respondents objected to the findings and recommendations. (ECF No. 17.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed August 25, 2026 (ECF No. 16) are ADOPTED in full;

2. Respondents' Motion to Dismiss (ECF No. 12) is DENIED;

3. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED;

4. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present;

5. The Clerk of Court is directed to enter judgment for Petitioner and close the case.

IT IS SO ORDERED.

DATE: September 10, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE